CLAY *v.* STATE.

Opinion delivered May 27, 1905.

CRIMINAL LAW—INDICTMENT AS PRINCIPAL.—Where the proof shows that whatever the accused did was done after the crime charged against him was committed, his conviction under an indictment which charged that he was a principal offender was erroneous.

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Reversed.

*T. S. Osborne,* for appellant.

Evidence as to an assault on Walker after the stabbing was inadmissible. 142 U. S. 450; 39 Ark. 278; 52 Ark. 303; 54 Ark. 489. The verdict is against the evidence. 68 Ark. 529. The verdict will be set aside when the evidence fails to prove the charge. 66 Ark. 120; 64 Ark. 188; 62 Ark. 459.

*Robert L. Rogers, Attorney General,* for appellee.

WOOD, J. At the March term, 1905, of the Sebastian Circuit Court, Fort Smith District, the grand jury returned an indictment against Kent Peggee, Cal Clay and Green Robinson for assault with intent to kill and murder. At the trial a severance was taken, and appellant was tried on a plea of not guilty, found guilty, and his punishment assessed at three years in the penitentiary. His motion for a new trial having been overruled, he appealed to this court.

The Attorney General confesses error. The proof does not show that appellant took part in the assault. What he did was done after the assault was over, and is not shown to have had any connection therewith. The appellant was indicted as principal offender. But he was not present when the offense was committed. The confession of error is sustained.

Reversed and remanded for new trial.